IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BARBARA MOHON,

    Plaintiff,

v.                                              1:22-cv-00108-GBW-LF

JOHN CALDWELL SPILLER II,
JAKOB ALEXANDER MEARS,
MICHAEL THERON SMITH JR. and
SCOTT PERRY SHAPIRO,

    Defendants.

## ORDER DENYING MOTION FOR ALTERNATE SERVICE OF PROCESS ON DEFENDANT SCOTT PERRY SHAPIRO WITHOUT PREJUDICE

THIS MATTER comes before the Court on plaintiff Barbara Mohon's Motion for Alternate Service of Process on Defendant Scott Perry Shapiro, filed March 28, 2022. Doc. 9. None of the defendants have entered an appearance in this matter.

In her motion, Ms. Mohon states that she has served Mr. Shapiro's co-defendants with a summons and amended complaint, and that she has attempted personal service of process on Mr. Shapiro at two separate locations in Florida. Doc. 9 at 1–2. She further states that Mr. Shapiro has retained attorneys to actively defend a related lawsuit in Texas. *Id*. at 2. Because her attempts at personal service have been unsuccessful, Ms. Mohon requests the Court to allow her to serve Mr. Shapiro by alternate means.

Ms. Mohon proposes that if, after one more attempt, she is unable to personally serve Mr. Shapiro, the process server will leave the summons and amended complaint with a person who appears at least 17 years old who is located at the Florida addresses, or post the summons and amended complaint in a conspicuous place at the properties. *Id*. at 3. In addition, Ms. Mohon

proposes that she would send the summons and amended complaint by mail to the Florida addresses.  Finally, Ms. Mohon proposes that in addition to posting and mailing the summons and complaint, her attorney also would email and regular mail the summons and amended complaint to Mr. Shapiro's attorneys in the Texas lawsuit who are located in Texas and Boston. *Id*. at 4.

> Federal Rule of Civil Procedure 4 governs the service of a summons and states:
>
> In General.  A summons must be served with a copy of the complaint.  The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.

FED. R. CIV. P. 4(c)(1).  An individual may be served in a judicial district of the United States by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

   (A) delivering a copy of the summons and of the complaint to the individual personally;

   (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

   (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

FED. R. CIV. P. 4 (e).  The federal rules do not provide for the authorization of alternate service on an individual within the United States.[1]  Ms. Mohon does not identify how the methods of service she is proposing fall within the Federal Rules of Civil Procedure.  It also is unclear from her motion whether she is invoking the rules for service for New Mexico, Florida, Texas, or

---

[1] The federal rules do provide for service "by other means not prohibited by international agreement, as the court orders," for service of an individual in a foreign country.  *See* FED. R. CIV. P. 4(f)(3).

Massachusetts. Ms. Mohon does not provide the Court with legal authority that establishes the methods of service she is proposing are adequate in the jurisdictions where she is attempting to serve Mr. Shapiro, or whether his attorneys in the Texas lawsuit are "agent[s] authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(e)(2)(C). Consequently, the Court will deny the motion for alternate service without prejudice.

If Ms. Mohon refiles a motion for alternate service, it must include a recitation of the rules that provide this court with the authority to grant alternate service on an individual. Any refiled motion should also include the rules she is invoking which establish that the methods she proposes for alternative service constitute proper service within the jurisdiction where service is taking place.

IT IS THEREFORE ORDERED that plaintiff Barbara Mohon's Motion for Alternate Service of Process on Defendant Scott Perry Shapiro, filed March 28, 2022 (Doc. 9), is DENIED without prejudice.

_____
Laura Fashing
United States Magistrate Judge