IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BARBARA MOHON,

    Plaintiff,

v.                                                                               1:22-cv-00108-GBW-LF

JOHN CALDWELL SPILLER II,
JAKOB ALEXANDER MEARS,
MICHAEL THERON SMITH JR. and
SCOTT PERRY SHAPIRO,

    Defendants.

## ORDER DENYING MOTION FOR ALTERNATE SERVICE

THIS MATTER comes before the Court on plaintiff Barbara Mohon's Motion for Alternate Service of Process on Defendant Scott Perry Shapiro, filed April 11, 2022.[1] Doc. 14. None of the defendants have entered an appearance in this matter. Having read the motion and reviewed the relevant law, the Court finds that the motion is not well taken and DENIES it.

In her motion, Ms. Mohon states that public information confirms that Mr. Shapiro owns a residence and at least one business in the State of Florida. *Id.* at 2. She has attempted to hand deliver the summons and complaint to Mr. Shapiro at the residence and business addresses but was unsuccessful. *Id.* at 1–2. She further contends that Mr. Shapiro likely is aware of this lawsuit because his co-defendants have each been served with the summons and complaint, and defendant Michael Theron Smith Jr. "was Shapiro's close business associate and would want to make Shapiro aware of this case." *Id.* at 2. Accordingly, Ms. Mohon requests that the Court allow her to serve Mr. Shapiro by alternate means. *Id.*

---

[1] Ms. Mohon previously filed a similar motion, Doc. 9, which the Court denied without prejudice, Doc. 13.

Rule 4(e)(1) of the Federal Rules of Civil Procedure allows a party to serve a summons and complaint by "following state law for service of a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Accordingly, Ms. Mohon may serve Mr. Shapiro under the rules and statutes of New Mexico or those of Florida.

Both New Mexico and Florida provide several ways to effect personal service on an individual. Under New Mexico law, plaintiff first must attempt to hand deliver the summons and complaint to the defendant or mail the summons and complaint to the defendant by commercial carrier and have the defendant or his agent sign a receipt showing that the summons and receipt were received. Rule 1-004(F)(1) NMRA. If that fails, plaintiff may serve the defendant "by delivering a copy of the process to some person residing at the usual place of abode of the defendant who is over the age of fifteen (15) years *and* mailing by first class mail to the defendant at the defendant's last known mailing address a copy of the process." Rule 1-004(F)(2) NMRA (emphasis added). If plaintiff is unable to accomplish service by this method, she then may "deliver[ ] a copy of the process at the actual place of business or employment of the defendant to the person apparently in charge thereof *and* . . . mail[ ] a copy of the summons and complaint by first class mail to the defendant at the defendant's last known mailing address *and* at the defendant's actual place of business or employment." Rule 1-004(F)(3) NMRA (emphasis added). Only if plaintiff can "show[ ] by affidavit that service cannot reasonably be made as provided by this rule, the court may order service by any method or combination of methods, including publication, that is reasonably calculated under all of the circumstances to apprise the defendant of the existence and pendency of the action and afford a reasonable opportunity to appear and defend." Rule 1-004(J) NMRA. In other words, plaintiff must show

that she has attempted service in all the ways provided for in Rule 1-004(F) before she may move for alternative service under Rule 1-004(J).

Under Florida law, a plaintiff may serve a person at their "place of abode" or at their place of employment. The Florida statute states:

> (1)(a) Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents. . . .
>
> (b) An employer, when contacted by an individual authorized to serve process, shall allow the authorized individual to serve an employee in a private area designated by the employer. An employer who fails to comply with this paragraph commits a noncriminal violation, punishable by a fine of up to $1,000.

FLA. STAT. ANN. § 48.031(1)(a), (b). Under specified circumstances, substituted service may be made on the spouse of the person to be served or on an individual doing business as a sole proprietorship at his or her place of business. FLA. STAT. ANN. § 48.031(2)(a), (b). Substituted service may also be made under specified circumstances if the person's only address discoverable through public records "is a private mailbox, a virtual office, or an executive office or mini suite." FLA. STAT. ANN. § 48.031(6)(a).

Although Ms. Mohon asserts that she has made two attempts to hand deliver a copy of the summons and complaint to Mr. Shapiro in Florida, *see* Docs. 9-1, 9-3, she has not demonstrated that she has attempted all of the options for service provided for under New Mexico and Florida law. Ms. Mohon proposes that because she has been unsuccessful at hand delivery, she should be allowed to make "alternate service." Ms. Mohon's proposals, however, include processes provided for under New Mexico and Florida law for serving process. For example, she proposes that if a third attempt at handing Mr. Shapiro a copy of the summons and complaint is unsuccessful, "the process server shall leave the process with any person who

3

appears at least 17 years old who may be located at that address." Doc. 14 at 4.  This method of service is provided for in both New Mexico and Florida for service at a defendant's residence so long as the person appears to be residing there.  *See* Rule 1-004(F)(2) NMRA; FLA. STAT. ANN. § 48.031(1)(a).  Ms. Mohon does not need leave of the Court to follow the methods of service already provided for under New Mexico and Florida law.

To the extent Ms. Mohon seeks leave of the Court to effect service beyond what is provided for under New Mexico and Florida law—for example, emailing the summons and complaint to Mr. Shapiro's attorneys in another lawsuit (Doc. 14 at 5)—her motion is denied.  Ms. Mohon has not provided the Court with any authority that the Court may allow service beyond what is provided in the rules and statues absent a showing that none of those methods will work.  *See* Rule 1-004(J) NMRA.  Ms. Mohon cites *Campbell v. Bartlett*, 975 F.2d 1569 (10th Cir. 1992) for the proposition that the alternate service proposed satisfies due process.  Doc. 14 at 3, 5.  In *Campbell*, plaintiff made his best effort to comply with the New Mexico rules for service, but defendant contested the sufficiency of the service.  The court addressed "whether the evidence, including the showing that Bartlett 'sometimes lived' at his sister's residence when not on the road, was sufficient to establish that her home was his 'usual place of abode,' and whether the posting at such abode satisfied due process." *Campbell*, 975 F.2d at 1574.  The plaintiff in *Campbell* did not seek the Court's leave to post the process at the sister's residence; he did his best to follow the rules for proper service, and ultimately the Court agreed that what he did was reasonable under the circumstances.  *Id.* at 1575.

Here, Ms. Mohon is prematurely seeking permission to effectuate service in ways that are already provided for by New Mexico and Florida law.  The Court need not grant permission for a plaintiff to follow these rules.  Moreover, to the extent Ms. Mohon seeks leave to effectuate

4

service in ways that are not provided for, she has not submitted any authority that suggests the Court may grant any such alternate service at this time.

IT IS THEREFORE ORDERED that plaintiff Barbara Mohon's Motion for Alternate Service of Process on Defendant Scott Perry Shapiro (Doc. 14), filed April 11, 2022, is DENIED.

_____
Laura Fashing
United States Magistrate Judge