IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BARBARA MOHON,

    Plaintiff,

v.                                                     Case No. 1:22-cv-00108 DHU-LF

JOHN CALDWELL SPILLER II and
JAKOB ALEXANDER MEARS,

    Defendants.

## ORDER GRANTING MOTION TO COMPEL DISCOVERY IN AID OF JUDGMENT

This matter comes before the Court on Plaintiff Barbara Mohon's Motion to Compel Discovery in Aid of Judgment, filed September 5, 2024. Doc. 46. Ms. Mohon seeks discovery to determine what property is owned by Defendant John C. Spiller II, against whom the Court has already entered a default judgment. *Id.* at 3; *see also* Docs. 26, 28 (granting default judgment against Mr. Spiller).

An order compelling a defendant who has defaulted to participate in discovery is certainly unusual, but Tenth Circuit persuasive authority suggests it may be done. In *Porter Bridge Loan Co., Inc. v. Northrop*, a plaintiff obtained a default judgment against a defendant, then served him with discovery requests pursuant to Federal Rule of Civil Procedure 69(a)(2) permitting judgment creditors to obtain discovery in aid of the judgment or execution. 566 F. App'x 753, 755 (10th Cir. 2014). The Tenth Circuit's opinion addressed (and affirmed) sanctions the district court imposed for failure to comply with the post-judgment discovery requests, *id.*, indirectly supporting the notion that the discovery requests were proper in the first place.

The Federal Rules of Civil Procedure also suggest that this type of discovery is proper. Rule 69 states, "In aid of the judgment or execution, the judgment creditor . . . may obtain

discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." FED. R. CIV. P. 69(a)(2). Looking then to the most relevant of "these rules," Rule 26 permits discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." FED. R. CIV. P. 26(b)(1). As for timing, discovery is not to occur "before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." FED. R. CIV. P. 26(d)(1). Of course, a defendant against whom a default judgment has been obtained cannot, or will not, confer.

Persuasive authority indicates that a defaulting defendant "should be treated as a party for purposes of the discovery rules." *Cranor v. Skyline Metrics, LLC*, No. 4:18-CV-00621, 2018 WL 11437828, at *2–3 (W.D. Mo. Dec. 14, 2018) (reasoning that because Rule 55 refers to defaulting defendants as parties, they also should be considered parties under Rule 26). The Court agrees and finds that Rule 26 includes discovery against defaulting defendants—and by similar logic, so does Rule 69, which permits post-judgment discovery in aid of the judgment or execution. In fact, Rule 69's language sidesteps the "party" question entirely by referring to the "judgment debtor," which Mr. Spiller indisputably is.

Based on this reasoning, the Court will authorize Ms. Mohon's attempt to gather information about Mr. Spiller's property for the purposes of executing the default judgment. Even if her efforts are unlikely to be successful, her request falls within the scope of the Court's authority; it clearly is in aid of executing on the default judgment she has won, and it is relevant and proportional to the needs of the case.

For these reasons, the Court GRANTS the Motion to Compel Discovery in Aid of Judgment. Doc. 46.

It is so ordered.

_____
LAURA FASHING
UNITED STATES MAGISTRATE JUDGE