# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

BARBARA MOHON,

    Plaintiff,

v.         Case No. 1:22-cv-00108 DHU-LF

JOHN CALDWELL SPILLER II and
JAKOB ALEXANDER MEARS,

    Defendants.

## ORDER DENYING MOTION FOR ORDER TO SHOW CAUSE

This matter comes before the Court on Plaintiff Barbara Mohon's Motion for Order to Show Cause, filed December 10, 2024 (Doc. 49). Ms. Mohon seeks an order to show cause why Defendant John C. Spiller II should not be held in civil contempt of court for his knowing failure to respond to a court-ordered post-judgment discovery request. *Id.* at 1. The Court has the authority to enter a contempt order when there is clear and convincing evidence "that a valid court order existed, that the [party] had knowledge of the order, and that the [party] disobeyed the order." *United States v. Ford*, 514 F.3d 1047, 1051 (10th Cir. 2008). The moving party bears the initial burden to prove those facts; after such a showing, the burden shifts to the nonmoving party "to show either that he had complied with the order or that he could not comply with it." *Id.*

Ms. Mohon has demonstrated by clear and convincing evidence that the Court's order compelling the production of post-judgment discovery, Doc. 48, existed. She has not demonstrated by clear and convincing evidence that Mr. Spiller is aware of that order. *See* Doc. 49-1 at 8 (demonstrating only that Ms. Mohon's attorney emailed a copy of Doc. 48 to Mr. Spiller). Rather, she has provided clear and convincing evidence that Mr. Spiller is aware of the

discovery requests that she made in June 2024, which were the subject of the Court's order compelling production of post-judgment discovery. *See* Doc. 42; Doc. 43; Doc. 44; Doc. 49-1 at 5 (email from Mr. Spiller stating that he would send discovery responses by the end of the week).

      This distinction matters. Mr. Spiller has a default judgment entered against him; he has not made any filings, attended any hearings, or otherwise interacted with the Court in this proceeding. Without evidence that he has received the Court's order compelling post-judgment discovery, Doc. 48, the Court cannot know whether Mr. Spiller is aware that the *Court* has ordered him to comply with the discovery—he may believe the discovery requests from Ms. Mohon are simply requests. In short, if Mr. Spiller is not aware of the Court's order, he cannot be in contempt of it. Ms. Mohon has not met her initial burden to demonstrate Mr. Spiller's knowledge of the Court order (Doc. 48); therefore, the Court cannot grant her motion for an order to show cause.

      Accordingly, the Court denies Ms. Mohon's Motion for Order to Show Cause (Doc. 49). It is so ordered.

_____
LAURA FASHING
UNITED STATES MAGISTRATE JUDGE

2